IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DIAGRAPH CORPORATION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | C.A. No. 1:06-mc-00162-EGS |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| DEFENSE and UNITED STATES | ) | |
| DEPARTMENT OF INTERIOR, FISH | ) | |
| AND WILDLIFE SERVICE, | ) | |
| | ) | |
| Respondents | ) | |

## UNITED STATES' OPPOSITION TO DIAGRAPH CORPORATION'S RULE 27 PETITION

On April 12, 2006, Diagraph Corporation ("Diagraph") filed a petition, pursuant to Rule 27(a)(1) of the Federal Rules of Civil Procedure, to depose James Brigham, Sr. This petition must be denied because Diagraph has not, and cannot, establish that it is presently unable to bring an action against the United States.[1]

---

[1] Though the events giving rise to Diagraph's potential claims occurred in Illinois, and potential witnesses to these events live in or near Illinois, Diagraph chose to file its Rule 27 petition in the United States District Court for the District of Columbia. Diagraph's motivation for filing in this Court appears to be its reliance on the Court's recent decision recognizing an implied contribution cause of action under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act. 42 U.S.C. § 9607. See Diagraph's Verified Petition at 3. A Rule 27 petition may be filed in "the United States district court in the district of the residence of any expected adverse party." Fed. R. Civ. P. 27(a)(1). The United States concedes that it is a resident of the District of Columbia, and that under the terms of Rule 27 Diagraph may file a Rule 27 petition in this Court. However, the United States does not concede that this Court is an appropriate venue for Diagraph's potential suit. In the event that Diagraph attempts to file such a suit in this Court, the United States reserves the right to move for a change of venue under 28 U.S.C. § 1404, or for dismissal.

## FACTUAL BACKGROUND

On August 3, 2002, the United States Environmental Protection Agency ("EPA") issued a Unilateral Administrative Order ("UAO") to Diagraph Corporation requiring it to undertake a removal action to clean up contamination at Site 14 of the Miscellaneous Areas Operable Units ("the Site") within the Sangamo Electric Dump/Crab Orchard National Wildlife Refuge Site in southern Illinois. According to Diagraph, the Site was used by the former War Department to produce munitions during World War II, and has been leased and operated by Diagraph in connection with its business of packaging ink and related materials since 1947. See Diagraph's Verified Petition at ¶ 1. The Site is within a National Wildlife Refuge that is managed by the U.S. Fish and Wildlife Service. Diagraph seeks to perpetuate the testimony of Mr. James Brigham, Sr. ("Brigham"), who allegedly has personal knowledge of the conditions at the Site when Diagraph began leasing it in 1947, and of Diagraph's operations at the Site from 1947 to 2001.

## LEGAL BACKGROUND

Rule 27 of the Federal Rules of Civil Procedure allows a party to perpetuate testimony prior to the formal commencement of a matter cognizable in any United States court. In order to perpetuate testimony under this rule, a petitioner must file a verified petition that shows:

> 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each.

Fed. R. Civ. P. 27(a)(1). Once these prerequisites are established, the Court may issue an order permitting the deposition "[i]f the court is satisfied that the perpetuation of the testimony may

prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Rule 27 is not a alternate method of discovery, "[t]he purpose of Rule 27 is simply to preserve evidence that otherwise would be in danger of being lost." <u>Application of Checkosky</u>, 142 F.R.D. 4, 6-7 (D.D.C. 1992).

## <u>DISCUSSION</u>

Rule 27 requires that a petitioner seeking to perpetuate testimony show that it is presently unable to bring a cognizable action in a court of the United States, or cause such an action to be brought. Fed. R. Civ. Pro. 27(a)(1). In an attempt to satisfy this prerequisite, Diagraph states only that it "is presently unable to file the suit because it has not yet incurred the majority of costs that will be incurred in complying with the UAO." Diagraph's Verified Petition at ¶ 3. As discussed below, assuming Diagraph does have a viable claim, there is simply no reason Diagraph could not assert this claim now.

The fact that Diagraph expects to incur future response costs does not prevent Diagraph from filing an action against the United States now. A prima facie case under CERCLA requires the plaintiff to show that it has incurred response costs. <u>See Foster v. U.S.</u>, 922 F.Supp. 642, 651 (D.D.C. 1996). There is no requirement that the plaintiff have incurred all or a majority of the costs it anticipates will be incurred. In fact, CERCLA specifically authorizes entry of a declaratory judgment for liability for future costs. 42 U.S.C.A. § 9613(g)(2). Moreover, for a CERCLA remedial action, the 6-year statute of limitations begins to run when physical on-site construction of the remedial action occurs. 42 U.S.C. § 9613(g)(2)(B). Thus, in cases where a remedial action will take longer than 6 years, CERCLA necessarily requires an action to be filed before the remedial action is complete and before all costs are incurred.

Accordingly, Diagraph fails to satisfy the first element set out in Rule 27. Where a petitioner

cannot show why the lawsuit in which testimony is to be used cannot be brought at this time, it is well established that a Rule 27 petition must be denied.  See In re Boland, 79 F.R.D. 665, 668 (D.D.C. 1978) (denying a Rule 27 petition where the petitioner failed to demonstrate that she was unable to "frame an adequate complaint."); Application of Carson, 22 F.R.D. 64 (E.D.Ill.1957) (denying a Rule 27 petition although a proposed witness was in poor health, and allegedly near death, because the petitioner was not prevented from filing suit against his former employer). Diagraph has chosen to delay filing its action against the United States, but such a strategic delay does not constitute an inability to bring an action within the meaning of Rule 27(a).  See Shore v. Acands, Inc., 644 F.2d 386, 388 (5th Cir. 1981) ("If plaintiff is able to sue presently, Rule 27(a) cannot be satisfied by contentions that it would nevertheless be difficult or inconvenient for plaintiff to file suit.").

For example, in United States v Local 14 International Union of Operating Engineers, 16 FR Serv 2d 111 (S.D.N.Y. 1972), the United States argued that the Rule 27 requirement was satisfied where a civil rights action could not be brought until approval was obtained from the Attorney General, and the approval might take several months to obtain.  Id.  The court denied the Rule 27 petition, stating that "[t]he court seriously doubts that internal delay within the Department of Justice is inability to bring an action within the meaning of Rule 27."  Id.  Similarly, Diagraph is arguing that its own decision to delay filing an action can provide a basis for this Court to order a Rule 27 petition.  If a party chooses not to file an action, but the action is not barred by law, the Rule 27(a) requirements are not met.  See generally Petition of Johanson Glove Co., 7 F.R.D. 156, 157 (E.D.N.Y. 1945) (Where petitioner could frame a complaint, Rule 27 cannot be used to permit discovery to determine whether they should proceed on the law or the equity side of the court.).

4

The only potential uncertainty regarding whether Diagraph could file suit now is the legal question of whether it has a cause of action against the United States at all.  Diagraph points to a decision from another judge of this Court as demonstrating that it has a cognizable implied cause of action for contribution under Section 107 of CERCLA.  See Diagraph Ver. Pet. at ¶ 3 (citing Viacom v. U.S., 404 F.Supp. 2d 3(D.D.C., 2005)).  It is the position of the United States that CERCLA provides no cause of action to a PRP that cannot meet the prerequisites to suit under section 113(f)(1) or section 113(f)(3)(B).  If such a claim exists under CERCLA, however, it is indisputably ripe and could be filed now; there is no presently unsatisfied factual prerequisite to the cause of action under Section 107 of CERCLA that Diagraph claims is "cognizable."

As Diagraph notes, in Cooper v. Aviall Services, 543 U.S. 157 (2005), the Supreme Court held that CERCLA's contribution provision, section § 113(f)(1), 42 U.S.C. § 9613(f), only authorizes suits for contribution "during or following a civil action" under CERCLA § 106 or § 107. See 543 U.S. at 167.[2]  Diagraph correctly cites decisions holding that an implied contribution claim exists under § 107, but fails to acknowledge that the authority on this point is decidedly mixed. Compare Vine St. LLC v. Keeling, 362 F.Supp.2d 754, 761 (E.D.Tex.2005) (holding a PRP can bring a claim under § 107(a) when it cannot meet the specific requirements of § 113(f)(1)); Viacom, Inc. v. U.S., 2005 WL 1902849 (D.D.C. July 19, 2005)(same); Metro. Water Reclamation Dist. of Greater Chicago v. Lake River Corp., 365 F.Supp.2d 913, 918 (N.D.Ill.2005) (same); with

---

[2] Diagraph does not appear to argue that it has a 113(f)(1) contribution right stemming from its performance under the § 106 UAO issued by EPA.  In Aviall, the Supreme Court specifically declined to decide whether a UAO under § 106 would qualify as a "civil action" sufficient to trigger a right to contribution under § 113(f)(1).  See Aviall, 543 U.S. at 168 n.5.  Section 113(f)(1) requires the filing of a "civil action" to trigger a contribution right.  A "civil action" is commenced with the filing of a complaint in court.  See Fed. R. Civ. P. 3.

Waukesha v. Viacom Int'l, Inc., 362 F.Supp.2d 1025, 1028-29 (E.D.Wis .2005) (denying plaintiff's

motion to amend as futile because a PRP must seek contribution under § 113(f)); Mercury Mall

Assocs., Inc. v. Nick's Mkt., Inc., 368 F.Supp.2d 513, 520 (E.D.Va. 2005) (denying plaintiff's

motion to amend, recognizing that existing precedent precluded an implied right of contribution

under § 107(a)); AMW Materials Testing, Inc. v. Town of Babylon, 348 F. Supp. 2d 4 (E.D.N.Y.

2004).

    As this court has observed, the question of whether a Section 107 contribution claim exists

is riddled with confusion, and will not be decided for years.  See Transcript of Motion Hearing

before The Honorable Emmet G. Sullivan in Kerr McGee Chemical v. U.S., C.A. No. 00-1285, June

30, 2005 at 10, 15.  The confusion over this question, however, has no bearing on the pertinent

question for purposes of Rule 27(a) – whether Diagraph may assert its claim now.  While

developments in the law on Section –107 implied contribution claims may bear on the ultimate

viability of Diagraph's claim, no development will change the fact that Diagraph has presently

incurred response costs, and consequently, may assert its Section 107 claim for contribution now.

    In short, the right to depose a witness pursuant to Rule 27 is dependent on the status of the

petitioner, and on the petitioner's inability to file a lawsuit and initiate the deposition through the

normal discovery process.  See  Mosseller v. United States, 158 F.2d 380, 382 (2d Cir.1946) ("the

right to this relief . . . does not depend upon the condition of the witness, but upon the situation of

the party [petitioner], and his power to bring his rights to an immediate investigation.") (citation

omitted) cited by Application of Checkosky, 142 F.R.D. 4, 8 (D.D.C. 1992).  In this case, Diagraph

has not demonstrated that it cannot bring its suit at this time, and thus there is no basis upon which

the Court can properly grant Diagraph's Rule 27 petition.

## CONCLUSION

For the foregoing reasons, the Court should deny Diagraph's Verified Petition to Take

Deposition To Perpetuate Testimony of James Brigham, Sr.


                                           Respectfully submitted,
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

Dated: April 25, 2006                 /s/ Catherine Wannamaker
CATHERINE WANNAMAKER
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
tel:    (202) 514-9365
fax:    (202) 514-8865

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, a copy of the foregoing was served by the Court's electronic filing system upon:

Thomas K. Bick
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennyslvania Ave NW, Suite 300
Washington, DC 20006-4604
(202)454-2800
(202)454-2805 (fax)
tbick@tighepatton.com

/s/ Catherine Wannamaker

Dated: April 25, 2006