IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIAGRAPH CORPORATION,              )
                                  )
            Petitioner,           )
                                  )        Case No: 1:06-MC-00162-EGS
vs.                               )
                                  )
UNITED STATES DEPARTMENT OF
DEFENSE and UNITED STATES
DEPARTMENT OF INTERIOR, FISH AND
WILDLIFE SERVICE,

            Respondents.

## REPLY OF DIAGRAPH CORPORATION TO UNITED STATES' OPPOSITION TO DIAGRAPH CORPORATION'S RULE 27 PETITION

Petitioner, Diagraph Corporation ("Diagraph") files this reply to the United States'
Opposition to Diagraph Corporation's Rule 27 Petition ("Opposition").

There is ample precedent recognizing the appropriateness of a Rule 27 deposition to
preserve testimony in CERCLA cases.  In *In the Matter of the Petition of the Town of Amenia,*
*New York,* 200 F.R.D. 200 (S.D.N.Y.2001), the court was faced with the question of whether two
municipalities should be granted leave pursuant to Rule 27 of the Federal Rules of Civil
Procedure to take the depositions of former landfill workers for use in future CERCLA cost
recovery litigation.  The Respondents, Ashland, Inc. and Curtiss-Wright Corporation, both
potentially liable for clean-up costs, asserted that the municipalities could not use Rule 27 as a
means to preserve deposition testimony because they were presently "able to bring an action
under CERCLA for response costs that they have already incurred as members of the Old
Amenia Landfill Group."  *Id*. at 201.  The court granted the Petition, and stated that Curtiss-
Wright "seeks to invite a presently unnecessary lawsuit, a practice not to be encouraged by any
court." *Id.* at 203.  The court observed:

"Forcing the Petitioners to bring an action to recover their incomplete payments to the Old Amenia Landfill Group, which were then expended by the Group in part to identify other potentially responsible parties, all in order to perpetuate Mr. Selfridge's deposition testimony on the question of Curtiss-Wright's liability does not reflect the spirit of Rule 27." *Id.*

Likewise, in *Delta Quarries and Disposal Inc.,* 139 F.R.D. 68 (M.D.Pa. 1991), Delta Quarries, which expected to be a plaintiff in a CERCLA cost recovery suit, sought to take the deposition of a former landfill operator in order to preserve his testimony. Respondents did not accept Delta Quarries' assertion that it was presently unable to file its CERCLA action because it was still conducting an investigation unto the liability of potentially responsible parties. Delta Quarries acknowledged that it could file its CERCLA suit against certain known defendants. *Id.* at 69. The court nevertheless granted the petition. Similarly, in *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044 (6th Cir. 1999), the court granted the Rule 27 petition of General Motors, which sought to preserve the testimony of a landfill employee, in the event the Environmental Protection Agency brought a CERCLA suit. The opinion, however, did not address whether it would have been possible for General Motors to have, instead, filed a CERCLA cost recovery suit rather than a Rule 27 petition.

There are no reported federal cases wherein a federal court has required a party to file a CERCLA cost recovery suit rather than proceed under Rule 27 of the Federal Rules of Civil Procedure. In fact, none of the cases cited in the Opposition, wherein a Rule 27 petition was rejected (Opposition at page 4), involve CERCLA cost recovery.

Respondents assert in their Opposition that Diagraph could file a CERCLA cost recovery action against Respondents today, which would give Petitioner the right to take Mr. Brigham's deposition during discovery. This, Respondents assert, makes it unnecessary for this Court to grant Diagraph leave to take Mr. Brigham's deposition through the Petition (Opposition at pages

3-4).  Yet Respondents then assert that Petitioner has no cause of action at all against Respondents in light of the decision of the United States Supreme Court in _Cooper v. Aviall Services,_ 543 U.S. 157(2005) (Opposition at pages 5-6).  Respondents then note that this Court has stated that the question of whether a Section 107 contribution claim exists is "riddled with confusion, and will not be decided for years" (Opposition at page 6).  Respondents have signaled that they will seek to dismiss any Complaint that Diagraph files against them, based upon _Aviall._ In Respondents' view, Diagraph _cannot_ presently bring a cost recovery suit against Respondents because it has no legal right to do so.  These issues, in addition to the fact that Diagraph has not yet performed its clean-up, and as a result does not know what costs it will incur nor the share of costs for which Respondents should be held liable, support preserving Mr. Brigham's testimony now without forcing this Court to address the CERCLA legal issues left unresolved by _Aviall._

On September 9, 2005, the Second Circuit held in _Consolidated Edison Company of New York, Inc. v. UGI Utilities, Inc.,_ 423 F.3d 90 (2nd Cir. 2005) that section 107(a) of CERCLA permits a party that performs a cleanup to sue for cost recovery.  On April 14, 2006, a petition for writ of certiorari was filed with the United States Supreme Court in _Consolidated Edison_. Given the litigation that has resulted since _Aviall_ was issued in December 2004, much of which has been cited in the Petition and Opposition, it is likely that the Supreme Court will grant the petition for writ of certiorari.  If Diagraph is forced to file a CERCLA cost recovery suit against Respondents now, it will result in a tremendously inefficient use of judicial resources.  This Court will be asked to resolve questions that Respondents will undoubtedly raise concerning Diagraph's legal right to CERCLA cost recovery, when the Supreme Court is poised to resolve these very questions.

For the foregoing reasons, Petitioner Diagraph Corporation respectfully requests that its Petition be granted, and for such other relief as is appropriate under the circumstances.


/s/ Thomas K. Bick
Thomas K. Bick (D.C. Bar No.: 938944)
TIGHE PATTON ARMSTRONG TEASDALE, PLLC
1747 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C.   20006-4604
202-454-2800
202-454-2805 (Facsimile)
tbick@tighepatton.com



**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 12th, 2006 a copy of the foregoing was served by the Court's electronic filing system upon:  Catherine Wannamaker, United States Department of Justice Environmental Defense Section, P.O. Box 23986, Washington, DC  20026-3986.


/s/ Thomas K. Bick