UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
DIAGRAPH CORPORATION,          )
                               )
        Petitioner,            )
                               )
    v.                         ) Civ. Action No. 06-MS-0162 (EGS)
                               )
UNITED STATES DEPARTMENT OF    )
DEFENSE, ET AL.,               )
                               )
        Respondents.           )
_____)
```

**O R D E R**

Before the Court is Diagraph Corporation's ("Diagraph") Petition for an order permitting it to take the deposition of a prospective witness in order to perpetuate his testimony pursuant to Federal Rule of Civil Procedure 27. The United States Department of Defense ("DOD") and the United States Department of Interior, Fish and Wildlife Service (collectively "the government") oppose the taking of deposition prior to the commencement of a civil action. Upon consideration of the petition, the response and reply thereto, the Court concludes that the petitioner has met the requirements of Rule 27, thus the petition will be **GRANTED**.

**I.   BACKGROUND**

On August 3, 2002, the United States Environmental Protection Agency ("EPA") issued a Unilateral Administrative

1

Order ("UAO") to Diagraph requiring it to clean up and address contamination at the Sangamo Electric Dump/Crab Orchard National Wildlife Refuge Site ("Site"). Verified Petition ¶ 1.  The Site has been leased by Diagraph since 1947 in connection with its business of packaging ink and related materials. *Id.*  According to Diagraph, because the Site was used by DOD[1] to produce munitions during World War II, DOD is at least partially responsible for the contamination that the petitioner has been ordered to clean up.[2] *Id.*  Diagraph seeks to perpetuate the testimony of Mr. James Brigham, Sr. ("Brigham"), who is at least 83 years old, and has personal knowledge of the conditions of the Site in 1947 when Diagraph began leasing it. *Id*. at ¶ 5.  Brigham worked for Diagraph from 1947 to 2001 as an Assistant Plant manager and later as President. *Id*.

**II.  DISCUSSION**

Federal Rule of Civil Procedure 27 governs the taking of depositions before an action is commenced.  Rule 27(a)(1) sets forth five items that a petition under this Rule must show: (1) petitioner expects to be a party to an action but is presently unable to bring it or cause it to be brought; (2) the subject matter of the expected action and the petitioner's interest

---

[1] Known as the War Department in 1947.

[2] The federal statutory authority for such action is the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq.*.

therein; (3) the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it; (4) the names or a description of the person the petitioner expects will be adverse parties and their addresses so far as known; and (5) the names and addresses of the person to be examined and the substance of the testimony which the petitioner expects to elicit from each. Fed. R. Civ. P. 27(a)(1).  Once these prerequisites are established, the Court may issue an order permitting the deposition "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice." *Id.* at 27(a)(3).

The government contends that the petition should be denied because Diagraph has not and cannot establish that it is presently unable to bring an action against DOD.  Although Diagraph expects to be a party in an action against DOD, it alleges that it is unable to file an action at this time because Diagraph has not yet performed its clean-up and as a result does not know what costs it will incur nor the share of costs for which DOD should be held liable.  Further, because of Brigham's advanced age, Diagraph argues that there is a risk that he will be unavailable by the time a suit is filed and discovery is commenced.

In *In the Matter of the Petition of the Town of Amenia*, 200 F.R.D. 200, 204 (S.D.N.Y 2001), the court permitted two

municipalities to take a deposition of a former landfill worker, who was 77 years old and reportedly in ill health, to be used in a future CERCLA cost recovery action pursuant to Rule 27. At the time of the filing of the petition, the municipalities did not know the actual cost of the clean-up and had yet to undertake the clean-up.[3] *Id.* at 201-03. The respondent in *Town of Amenia* maintained that because the petitioners were presently able to bring suit under CERCLA, they could not avail themselves of the special procedures to perpetuate testimony under Rule 27. *Id*. at 202. The Court, observing that respondent's argument is one that "seeks to invite a presently unnecessary lawsuit, a practice not to be encouraged by any court," *id.* at 203, granted the petition and permitted the deposition to go forward. *See also In re Petition of Delta Quarries and Disposal Inc.,* 139 F.R.D. 68 (M.D. Pa. 1991) (permitting Rule 27 deposition to preserve testimony in a CERCLA case).

As in the *Town of Amenia*, the Court finds that the

---

[3] The petitioners were notified by the New York State Department of Environmental Conservation ("DEC") that it considered them potentially responsible parties for purposes of remediation and liable for disposal of hazardous substances in the landfill. *Town of Amenia*, 200 F.R.D. at 201. However, DEC had yet to order the petitioners to clean-up. *Id*. Further, although DEC notified petitioners of their potential liability for clean-up of the landfill site under CERCLA, again DEC had yet to issue its Record of Decision stating the cost of the landfill clean-up. *Id*. 202-03.

perpetuation of Brigham's testimony at this time may be taken in order to prevent the failure of justice in this matter.  The petitioner has reasonably demonstrated that it expects to be a party to an action brought under CERCLA, however, it is presently unable to bring an action at this time because it has not yet performed its clean-up and as a result does not know what costs it will incur nor the share of costs for which DOD should be held liable.  Further, the Court is persuaded that the testimony Diagraph seeks to perpetuate is material to the issue of the identity of other potentially responsible parties and the time and nature of their use of the Site.  Finally, given Brigham's advanced age, the Court is convinced that there is a significant risk that Brigham's testimony would be lost if not perpetuated at this time.

For the foregoing reasons, Diagraph's petition is **GRANTED,** and Diagraph is hereby

**ORDERED** to take the deposition of Mr. James Brigham Sr..

**So ORDERED.**


**Signed:     Emmet G. Sullivan**
**United States District Court**
**August 28, 2006**